The declaration contained three counts: (1) For enticing and persuading the slave to leave the plaintiff's service. (2) For harboring and maintaining the slave, knowing her to be runaway. (3) The same as the second count, with respect to a negro child.
The jury found a verdict for the plaintiff, subject to the opinion of the court on the following case.
The plaintiff proved a title to the two slaves, mother and child, under a bill of sale, and possession of them from February, 1807, until the September following, when she absented herself, with her child, in the night-time, taking with her all her apparel, and was the next morning in possession of the defendant, who, at that time, gave notice to the plaintiff of the fact, and said he should retain them until recovered by law, as he claimed them as his father's property. The defendant has had them in possession till 1813, harboring and maintaining them, but in an open and avowed manner, the woman being the wife of one of his negro men. The plaintiff sued out a writ of detinue for the slaves in 1807, and in September, 1813, recovered them, and damages for the detention. The writ in the present action was sued out in 1809.
The jury have found for the defendant on all the counts in the declaration except the one for harboring and maintaining the slave as a runaway. Upon that count we think there can be no doubt as to what verdict they should have found, under the facts which (229) form the case. The act of Assembly gives a penalty where any person shall "harbor or maintain, under any pretence whatever, any runaway servant or slave." Now, it has been contended by the plaintiff's counsel that if the slave was runaway, and was in the possession of the defendant, and retained by him, that it was then such a case as was provided for by the act, which, from the words, "under any pretence," would reach every possible case. That the Legislature was competent to give a penalty in such case we do not deny, but feel warranted in saying they have neither said so nor intended it in this case.
The act has in express words given a penalty for harboring. Harboring is a term well understood in our law, and means a fraudulent concealment; and the Legislature not having said in what a maintaining under any pretence
consists, we are left to find it out by construction.
To us it seems clear that it is a safe rule in construction, where acts of a known and definite meaning are described as constituting an offense, and then other words of a general nature are used as synonymous with the former, and apparently with a view of giving to the act a liberal construction in suppression of the mischief, that these general expressions should not render penal by construction any act which does not partake *Page 177 
of the qualities of the act specially set forth. Such a construction would lead us to say that the maintaining intended by the Legislature was secret
and fraudulent. This being negatived by the statement of the case, we think the jury should have found for the defendant on this count, and are all of opinion there should be judgment for the defendant.
Cited: Thomas v. Alexander, 19 N.C. 385; S. v. Hathaway, 20 N.C. 125;S. v. Burk, 49 N.C. 8; Young v. McDaniel, 50 N.C. 104; S. v.Lewis, 60 N.C. 303.
(230)